IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HECTOR LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:19-cv-844 |
| | § | |
| SECURITY SERVICE | § | JURY DEMANDED |
| FEDERAL CREDIT UNION | § | |
| | § | |
| | § | |
| Defendant, | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Hector Lopez ("Plaintiff" or "Mr. Lopez"), files this Original Complaint complaining of and about Security Service Federal Credit Union ("Defendant" or "SSFCU"), and for cause of action would show the following:

### I.     PARTIES

1.     Plaintiff, Hector Lopez, is an individual and citizen of the United States, residing in San Antonio, Bexar County, Texas.

2.     Defendant Security Service Federal Credit Union, Inc. is a Texas State Financial Institution and may be served with summons through its registered agent, JT Cody at 16211 La Cantera Pkwy, San Antonio, TX 78256 USA.

### II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. section 1331, as Plaintiff's cause of action arise under a federal statute, the Age Discrimination in Employment Act of 1967 ("the ADEA"),

29 U.S.C §§ 621-34.

4. Additionally, pursuant to 28 U.S.C. section 1367, this Court has supplemental jurisdiction over Plaintiff's state claims arising under the Texas Commission on Human Rights Act ("the TCHRA"), Texas Labor Code § 21.001 *et seq.*, and Texas common law, because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5. Moreover, venue is proper in the U.S. Western District of Texas–San Antonio Division pursuant to 28 U.S.C. section 1391(a) because this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

### III.    NATURE OF THE ACTION

6. This is an action brought pursuant to the ADEA and the TCHRA, on the ground that Plaintiff was discriminated against because of his age.

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was jointly filed with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC-CRD") and the Plaintiff's lawsuit has been filed within ninety days of receipt of the EEOC's issuance of a right to sue letter.

### V.    FACTS

9. On or about December 23, 1985, Mr. Lopez started working for SSFCU in data communications. Mr. Lopez is currently sixty years old.

10. When he started, his compensation was $15,850.00 per year. By the time Mr. Lopez's employment with SSFCU ended, he had received numerous merit raises and promotions and was making $103,000.00 per year as a Senior CTI Specialist. Mr. Lopez was a very good employee

who rarely had performance issues or personnel problems. He was a loyal, hardworking employee until his unlawful termination, based on age, in December, 2017, after thirty two years with the Company.

11. In 2015, SSFCU's corporate headquarters relocated. Mr. Lopez took part in the equipment location, which was not completed until approximately August of 2016. As part of this process, Mr. Lopez worked long days and weekends but never complained and succeeded in getting the job done to such a degree that the Company was very pleased with his work.

12. In January of 2017, Mr. Lopez was assigned to the Hwy 90 location. He worked for a month or so at that location until he came down with the flu. He asked if he could take a few days off to recover but SSFCU bluntly told him no. In fact, when he asked Mark Jimenez, SSFCU Vice President, about taking a few days off to recover, Mr. Jimenez got upset and lectured him. In fact, Mr. Lopez had only taken 7 or 8 sick days in his entire 32 years with the Company. Mr. Lopez informed Denise Staudt, SSFCU Senior Human Resources Manager, that even though he had over **two thousand seven hundred (2,700) hours** of sick time stored up, that Mr. Jimenez and Mr. Jim Comorote, Manager Voice Systems, made it very difficult to take time off when he was sick.

13. On or about February 16, 2017, Mr. Lopez was asked to Mr. Jimenez's office. Mr. Jimenez had a bad attitude from the start of the meeting. He accused Mr. Lopez of not aggressively running campaign jobs for collectors. Mr. Lopez told him that he had been sick and needed a day or two to get well. Mr. Lopez responded by telling Mr. Jimenez that he rarely takes sick time and that if he does, it is because he really "needed it." Not only did Mr. Jimenez completely disbelieve Mr. Lopez about his illness but he told Mr. Lopez that he was going to give him "coaching lessons," because his performance was allegedly substandard and his documentation was allegedly subpar.

14. Mr. Lopez was micromanaged and treated differently based on his age. For example, on or

about March 10, 2017, a mistake was made. However, Mr. Jimenez and Mr. Comorote had also made mistakes. Nevertheless, Mr. Lopez was the only individual who was reprimanded for the joint mistake. Mr. Lopez also had to schedule a weekly meeting with Mr. Jimenez in which he had to bring in a report to discuss what he had done that week to help improve his alleged performance and behavior issues, including what he had worked on and how he had resolved them. No other younger employees were singled out in this way.

15. On or about March 31, 2017, Mr. Lopez was told that he had performance issues. Despite the fact that his younger counterparts had similar issues, when mistakes were made by them, no reprimands were given out to anyone else except Mr. Lopez.

16. Moreover, Mr. Jimenez would ask Mr. Lopez to do something one way and then Mr. Comorote would ask for it to be done another way. Afterward, both Mr. Jimenez and Mr. Comorote would call Mr. Lopez into their office to belittle him or complain about his work. No matter what Mr. Lopez did, it was always wrong.

17. On or about May 17, 2017, Mr. Lopez was asked to upgrade the firmware on the telephones using the Avaya Utility TFTP server, which he did. However, after he did so, the telephones were not working properly. As it turned out, Avaya had released bad firmware which had caused the issues. Once again however, Mr. Lopez was blamed for the issues.

18. In June 2017, Mr. Lopez was put on a performance and behavior improvement plan ("PIP"). It was obvious that this PIP was not meant to help Mr. Lopez; but, instead, was another one of SSFCU's attempts to push Mr. Lopez out because of his age. After being placed on the PIP, SSFCU continued to invent reasons as to why Mr. Lopez was allegedly a bad performer.

19. Furthermore, throughout the end of Mr. Lopez's employment he was consistently reprimanded even though SSFCU's similarly-situated employees who were under forty years old

were treated differently and more favorably (not being reprimanded for mistakes made, not put on PIPs, not terminated, etc.). Since this treatment was evident, Mr. Lopez complained about the age discrimination to SSFCU to Ms. Staudt. Again Ms. Staudt did nothing to remedy the problem.

20. On or about December 1, 2017, Mr. Lopez was terminated by Mr. Jimenez and Mr. Comorote. The alleged reason for the termination was performance. However, this was merely a pretext. After Mr. Lopez was terminated, SSFCU replaced him with an individual who was younger than him and under forty years old. Specifically, Mr. Lopez was replaced by a young female, Julie Augillen, who at the time was about twenty-nine years old.

## VI.   CAUSE OF ACTION

**AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND THE TCHRA, CHAPTER 21 OF THE TEXAS LABOR CODE**

21. The allegations contained in all paragraphs of the complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

22. The ADEA and Chapter 21 of the Texas Labor Code protect persons forty years of age and older against discriminatory employment practices based on age.

23. Pursuant to the ADEA and Section 21.001 of the Texas Labor Code Plaintiff pleads a cause of action against the Defendant for age discrimination.

24. The Defendant engaged in discrimination and harassment against Plaintiff, an individual over forty years of age, and ultimately discharged him based upon his age. Plaintiff asserts on knowledge and belief that his former position was filled by someone who was approximately twenty nine years old at the time of his termination.

25. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise affected his status as an employee. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment, or

limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's age in violation of the ADEA, 29 U.S.C §§ 621-634, and the TCHRA, Texas Labor Code § 21.001 *et seq.*.

## VII.   JURY DEMAND

26. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## VIII.   PRAYER

27. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for the following:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

   b. Compensatory damages, including, but not limited to, emotional distress;

   c. Past, present, and future physical pain and mental suffering;

   d. Punitive damages;

   e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

   f. Pre-judgment interest at the highest rate permitted by law;

   g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

   h. Liquidated damages;

   i. Costs of Court; and

j. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



 /s/ Alfonso Kennard, Jr.
Alfonso Kennard, Jr.
Texas Bar No. 24036888
alfonso.kennard@kennardlaw.com
2603 Augusta Dr., Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
**ATTORNEYS FOR PLAINTIFF**